**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KERRY R. ROBERTS, | ) NO. CV 16-4956-FMO(E) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT |
| J. HAAR, M.D., et al., | ) WITH LEAVE TO AMEND |
| Defendants. | ) |

**BACKGROUND**

Plaintiff, a state prisoner, filed this civil rights action on July 7, 2016, asserting claims arising out of Plaintiff's incarceration at the California Men's Colony ("CMC"). Defendants are: (1) CMC Chief Medical Officer J. Haar; (2) CMC Chief Support Executive M. Wallace; (3) CMC Medical Health Care Appeals Coordinator K. Lino; and (4) CMC Medical Health Care Doctor Voegle. Plaintiff sues all Defendants in their individual and official capacities.

///
///

On December 1, 2016, Defendants filed a "Motion to Dismiss Complaint" ("Motion to Dismiss"). On December 23, 2016, Plaintiff filed an "Objection to Notice of Motion to Dismiss Complaint," constituting Plaintiff's opposition to the Motion to Dismiss ("Opposition").

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges:

> On or about December 8, 2010, medical health care providers at the Centinela State Prison ordered Plaintiff a "Continuous Positive Airway Pressure" ("CPAP") machine to treat Plaintiff's severe obstructive sleep apnea condition (Complaint, attachment, ¶ 1). Plaintiff was issued distilled water for use in the machine's built-in humidifier (id., ¶ 2).
>
> Upon Plaintiff's arrival at CMC on or about October 7, 2013, CMC medical staff was made aware that Plaintiff had a CPAP machine (id., ¶ 3). On or about November 18, 2013, Plaintiff requested distilled water for the machine, but CMC medical staff told Plaintiff that distilled water was not issued at CMC and that Plaintiff should use the water from the sink in his cell (id., ¶ 5). The lack of distilled water caused Plaintiff to suffer severe headaches, nosebleeds, disorientation, fatigue and sleeplessness (id., ¶ 6).

Plaintiff asked to see a doctor and nursing staff, who told Plaintiff to use the water from his sink (id., ¶ 7). Plaintiff received Naproxen for his headaches "which did nothing" (id., ¶ 8).

After Plaintiff submitted a grievance, Defendant Lino interviewed Plaintiff and told Plaintiff that CMC did not provide distilled water and that Plaintiff should use the water from his sink (id., ¶¶ 9-10). Defendants Haar and Wallace denied Plaintiff's grievance at the second level on January 16, 2016 (id., ¶ 11). On April 22, 2016, a prison official not named as a Defendant partially granted Plaintiff's appeal, stating that CMC should order and issue distilled water for Plaintiff (id., ¶ 14).

On April 27, 2016, Plaintiff was called to the clinic, where an unidentified CMC nurse asked Plaintiff what was wrong with Plaintiff's CPAP machine (id., ¶ 15). Plaintiff said he was under the impression that he was there to obtain the distilled water (id.). The nurse told Plaintiff that "CMC does not issue distilled water to anyone" (id.).

On June 2, 2016, Plaintiff saw Defendant Voegle, who again told Plaintiff to use the water from the sink in Plaintiff's cell (id., ¶ 16). As of June 8, 2016, Plaintiff had yet to receive any distilled water (id.). Plaintiff continues to suffer daily severe headaches, dizziness, nosebleeds, disorientation, sleeplessness, fatigue, and

3

physical and psychological pain and suffering (id.).

Plaintiff seeks compensatory damages in the sum on $250,000, punitive damages in the sum of $100,000 and an injunction "so that Plaintiff does not have any more problems" (Complaint, p. 6).

**DEFENDANTS' CONTENTIONS**

Defendants contend:

1. The alleged denial of distilled water does not rise to the level of an Eighth Amendment violation;

2. Plaintiff's allegations of Defendants' participation in the administrative grievance procedure do not state a plausible Due Process claim;

3. The Eleventh Amendment bars Plaintiff's official capacity claims for damages; and

4. Defendants are entitled to qualified immunity.

**STANDARDS GOVERNING THE MOTION TO DISMISS**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (citation and internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Zucco Partners, LLC v. Digimatic Corp., 552 F.3d 981, 989 (9th Cir. 2009) (on motion to dismiss, court takes as true all non-conclusory factual allegations in the complaint and construes the complaint in the light most favorable to the plaintiff). "Generally a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and footnote omitted). However, the Court may consider allegations in Plaintiff's Opposition in deciding whether to grant leave to amend. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

The Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (citations and quotations omitted); see also Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotations omitted).

**DISCUSSION**

**I.     The Complaint Fails to State a Plausible Eighth Amendment Claim.**

Prison officials can violate the Constitution if they are "deliberately indifferent" to an inmate's serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be liable for "deliberate indifference," a jail official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Id. at 838. Allegations of negligence do not suffice. Estelle v. Gamble, 429 U.S. at 105-06; Lopez v. Smith, 203 F.3d at 1131. Thus, inadequate treatment due to accident, mistake, inadvertence, or even gross negligence does not amount to a constitutional violation. Estelle v. Gamble, 429 U.S. at 105-06; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. at 838.

Plaintiff's claim concerning the denial of distilled water is unclear in material particulars. Plaintiff does not allege expressly that the use of tap water in the CPAP machine caused Plaintiff's alleged medical problems. See Jett v. Penner, 439 F.3d 1091, 1096

(9th Cir. 2006) (prisoner must show harm caused by the alleged deliberate indifference). In the Opposition, Plaintiff states that he "suffered severe symptoms as soon as sleep apnea therapy was discontinued" (Opposition, p. 2), which suggests perhaps that Plaintiff stopped using the machine and did not use the machine with tap water. If so, Plaintiff does not allege the reason(s) why he stopped using the machine. In the Opposition, Plaintiff asserts that Defendants purportedly acknowledged the alleged harm to Plaintiff and stated it "would get worse, due to the fact that Plaintiff was breathing in rust and other foreign metals" (Opposition, p. 4). It is not entirely clear how these allegations relate to Plaintiff's claim of harm from the denial of distilled water for his CPAP machine, particularly if Plaintiff had stopped using the machine.

Plaintiff alleges in the Opposition that Plaintiff informed unidentified "medical staff" of the "manufacturer's warnings against C-PAP usage without distilled water" (Opposition, p. 2). In the Opposition, Plaintiff asserts that the manufacturer's warning allegedly stated that the use of tap water in the machine could cause corrosion and rusting of the components "which could result in harm or even death" (id., p. 4). Plaintiff argues that these warnings placed Defendants on notice that the machine should not be used with tap water. Plaintiff does not allege that any Defendant actually saw the alleged warnings, however. In any event, the Complaint contains no allegations concerning any manufacturer's warning. In light of this lack of clarity, the Complaint fails to allege a plausible Eighth Amendment claim. See Ashcroft v. Iqbal, 556 U.S. at 678; see also Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000)

7

("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.") (citations and quotations omitted).

In the Opposition, Plaintiff also vaguely alleges that Defendants disregarded "the proper treatment ordered by a specialist" (Opposition, p. 2). It is unclear whether the "specialist" was the prison official who allegedly partially granted Plaintiff's grievance at the third level. The Complaint itself does not allege that any Defendant refused to comply with any order by a "specialist." A prison official may be held liable for deliberate indifference for intentionally disregarding a physician's orders concerning an inmate's medical treatment. See Snow v. McDaniel, 681 F.3d 978, 986-87 (9th Cir. 2012), overruled on other grounds, Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014), cert. denied, 135 S. Ct. 946 (2015) (en banc) (summary judgment denied based on evidence that "review panel" composed of prison physicians repeatedly refused to authorize hip surgery for inmate despite reports of orthopedic specialists that inmate's need for surgery was "urgent" and that his condition was an "emergency")[1]; Jett v. Penner, 439 F.3d at 1096-97 (evidence of repeated disregard of doctors' recommendations that the plaintiff see an orthopedist for hand fracture sufficient to withstand summary

---

[1] In Peralta v. Dillard, the Ninth Circuit overruled the holding in Snow v. McDaniel that lack of resources for a medical procedure was not a defense to a claim for damages against an official who lacked authority over budgeting decisions. See Peralta v. Dillard, 744 F.3d at 1083.

judgment).  However, to the extent the physician Defendants allegedly made a medical decision not to provide Plaintiff with distilled water, allegations that one prison doctor did not follow a treatment suggestion or recommendation made by another doctor do not state a claim for deliberate indifference.  See Snow v. McDaniel, 681 F.3d at 987 (difference of medical opinion between medical professionals concerning what medical care is appropriate does not amount to deliberate indifference unless chosen care is "medically unacceptable"; the course of treatment chosen must be "medically unacceptable under the circumstances," chosen "in conscious disregard of an excessive risk to plaintiff's health"); Franklin v. State of Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities does not give rise to a § 1983 claim.").

## II. A Claim That Any Defendant Violated the Constitution By Denying Plaintiff's Grievance Is Insufficient.

To the extent Plaintiff claims that Defendants Haar and Wallace violated Due Process merely by denying Plaintiff's grievance, any such claim is insufficient.  "[I]nmates lack a separate constitutional entitlement to a specified prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004) (rejecting claim that prison officials "added things" to plaintiff's grievance to mask procedural errors allegedly committed at challenged disciplinary hearing); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988).  A prison official's denial of a grievance does not itself violate the

9

constitution. Evans v. Skolnik, 637 Fed. App'x 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016).

### III. **The Eleventh Amendment Bars Plaintiff's Claims for Damages Against Defendants in Their Official Capacities.**

Plaintiff may not sue Defendants, state prison officials, for monetary damages in Defendants' official capacities. The Eleventh Amendment bars suits in federal court for monetary damages against state officials sued in their official capacities. See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ., 616 F.3d 963, 968 (9th Cir. 2010), cert. denied, 562 U.S. 1286 (2011).

The Eleventh Amendment does not bar suit against state officials in their official capacities for appropriate prospective declaratory or injunctive relief regarding allegedly unconstitutional state action. See Will v. Michigan Dept. of State Police, 491 U.S. at 71 n.10; Ex Parte Young, 209 U.S. 123, 159-60 (1908); Assoc. des Eleveurs de Canards et d'Oies due Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013), cert. denied, 135 S. Ct. 398 (2014). In the Opposition, Plaintiff asserts that he sues Defendants in their official capacities for injunctive relief only (Opposition, p. 5). Any First Amended Complaint should clarify the capacities in which Plaintiff sues Defendants.

///
///
///

**CONCLUSION AND ORDER**

For all of the foregoing reasons, the Complaint is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).[2] If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint must be complete in itself and shall not refer in any manner to any prior complaint. Plaintiff should not attempt to add additional defendants without leave of Court. See Fed. R. Civ. P. 21. Failure to file timely a First Amended Complaint in conformity with this Order may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive

///
///
///

---

[2] In light of the Court's decision to grant leave to amend, the Court declines to rule on the issue of qualified immunity, an issue often better resolved on summary judgment. See Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir. 2004).

11

problems with his claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: January 17, 2017.

```
                       _____/s/_____
                         FERNANDO M. OLGUIN
                       UNITED STATES DISTRICT JUDGE
```

PRESENTED this 6th day of January, 2017, by:

```
      ___/s/_____
         CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE
```